UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRACY M. BARNES,

    Plaintiff,

v.

ETHAN ALLEN, INC.,
a foreign corporation,

    Defendant.
_____/

CASE NO. 04-61

CIV-COHN
MAGISTRATE JUDGE
SNOW

## COMPLAINT

Plaintiff, TRACY M. BARNES, sues Defendant, ETHAN ALLEN, INC., a foreign corporation, and states:

### INTRODUCTION

1. This action is brought to remedy unlawful employment practices by the Defendant, pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 et. seq., for damages and other appropriate legal and equitable relief as sought.

2. The foregoing violations of the Family Medical Leave Act are based on the unlawful treatment of Plaintiff, TRACY M. BARNES (hereinafter "the Plaintiff"), by her employer, ETHAN ALLEN, INC. (hereinafter "the Defendant"). Plaintiff has been subjected to violations in the terms and conditions of her employment due to a serious health condition that made her unable to perform the functions of her position as a design consultant.

3. As a result of the unlawful employment practices of the Defendant, Plaintiff has suffered systematic violations of her right to be employed by Defendant.



## JURISDICTION AND VENUE

4. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, conferring original jurisdiction upon this court of any civil action arising under the laws of the United States, and in an action to recover damages or equitable relief in any Federal court of competent jurisdiction pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617(a)(2).

5. Venue properly lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(c), because Defendant does business in, Plaintiff was employed in, and the unlawful employment practices were committed in Broward County, Florida.

## PARTIES

6. Plaintiff is a thirty-four year old female who worked for the Defendant as a design consultant from October 28, 2002 through January 26, 2004.

7. Defendant is a foreign corporation that is engaged in commerce primarily in the furniture industry, selling furniture to the public, and who employs more than fifty (50) employees in the South Florida geographical area.

## FACTS

8. Plaintiff began working for Defendant on October 28, 2002 as a design consultant for Defendant's Pembroke Pines, Florida, showroom.

9. Plaintiff's primary duties were to meet with potential customers in the showroom in an effort to generate sales, show potential customers furniture, meet with them at their homes, design furniture layouts, take measurements, close sales, and at times, even carry and move furniture.

10. While employed by Defendant, Plaintiff was often recognized by Defendant as one of Defendant's top ten design consultants in the Southeast Region.

11. On or about December 3, 2003, Plaintiff became ill with severe pains in her lower abdomen.

12. On or about December 4, 2003 Plaintiff visited her physician who sent her for tests that revealed a severe case of kidney stones and a urinary tract infection.

13. On or about December 5, 2003 Plaintiff notified Defendant that she became ill and requested at least four to six weeks of leave, or until she recovered from her illness.

14. Plaintiff contacted her District Manager, Kathy Linkletter, who informed Plaintiff to contact Regina Leuci at the corporate office to request the leave.

15. On or about December 9, 2003 Defendant granted Plaintiff her necessary leave.

16. Throughout the months of December 2003, and January 2004, Plaintiff contacted Defendant on a regular basis to inform her manager about how her recovery was proceeding and to inquire about how work was going. Each and every time Defendant responded, "just worry about getting better."

17. During the month of February 2004, Plaintiff continued to contact Defendant as she started to feel better and during the middle of the February 2004, felt she could return to work.

18. At about this time Plaintiff's physician informed her that she could return to work on light duty. Plaintiff contacted Defendant to see when she could return to work and was informed by the Defendant to call the corporate office.

19. From mid February 2004, until mid March 2004, Plaintiff repeatedly telephoned Defendant's corporate office in an effort to return to work; however, Defendant's corporate office would not give her a definite date to return.

20. Finally, on or about March 16, 2004, Defendant's corporate office notified Plaintiff that her leave had been terminated on January 26, 2004.

21. When Plaintiff inquired about getting her position back with Defendant she was told that she was terminated from her position as a design consultant on January 26, 2004.

22. Defendant terminated Plaintiff from her position as a design consultant in violation

3

of the Family Medical Leave Act.

23. Defendant's actions complained of herein are violations of The Family Medical Leave Act, 29 U.S.C. § 2601 et. seq.

24. The aforementioned actions of Defendant, its officers and managers, constitute unlawful actions and were motivated by and based upon Plaintiff's illness.

25. Said individual actions by the employees, managers and officers of the Defendant were willfully designed to and did deprive Plaintiff of her rights, terms and conditions of her employment.

26. As a direct and proximate result of Defendant's unlawful and willful actions as set forth above, Plaintiff has suffered damages and will continue to suffer damages in the future, including but not limited to:

      a) Damage to reputation;
      b) Loss of past and future income;
      c) Loss of fringe benefits;
      d) Stress, anxiety and emotional distress;
      e) Continuing humiliation, shame and embarrassment;
      f) Past and future pain and suffering.

27. Plaintiff is entitled to an award of reasonable attorney's fees, costs and expenses related to this litigation pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Defendant, ETHAN ALLEN, INC,

      a) Declaring pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein, all in violation of 29 U.S.C. §§ 2612 and 2614;

      b) Awarding Plaintiff actual and consequential damages plus interest;

      c) Awarding Plaintiff compensatory damages for pain, suffering and humiliation;

d)  Awarding Plaintiff back pay differential, liquidated damages, prejudgment interest, post judgment interest, and damages for all employment and benefits she would have received had she not been terminated from her position with Defendant;

e)  Directing that Defendant pay Plaintiff front pay differential until the date Plaintiff is placed back into her position with Defendant;

f)  Permanently enjoining Defendant, ETHAN ALLEN, INC., its agents and employees from pursuing and continuing to pursue their illegal and unlawful activities;

g)  Awarding reasonable attorney's fees, costs and expenses related to the litigation pursuant to 29 U.S.C. § 2617(a)(3);

f)  Any other and further relief as this Court may deem just, proper and equitable.

## JURY TRIAL DEMANDED

28.  Plaintiff demands trial by jury on all claims as counts so triable by right.

Respectfully submitted,

August 13, 2004
DATED

Donald Appignani, Esq.
JOEL E. GREENBERG, P.A.
4300 N. University Drive
Suite D-106
Lauderhill, Florida 33351
Telephone: (954) 749-0500
Facsimile: (954) 749-3008

_____
Donald Appignani, Esq.
Florida Bar No. 115071

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET


04-61083

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Tracy M. Barnes

**DEFENDANTS**  CIV-COHN
Ethan Allen, Inc.
a Foreign Corporation

MAGISTRATE JUDGE
SNOW

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joel E. Greenberg, P.A.
4300 N University Dr., Suite D106
Lauderhill, FL 33351

ATTORNEYS (IF KNOWN)
0:04cv 61083 JIC/LSS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. Sec. 2601 et. seq. Violation of Family Medical Leave Act.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $**   CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  8/13/04   8/17/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 531773  AMOUNT 150.00  APPLYING IFP ____  JUDGE ____  MAG JUDGE ____