FILED by _____ EG _____ D.C.

ELECTRONIC

**Sep 14 2004**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-CV-61083-CIV-COHN

TRACY M. BARNES,                            )
                                            )
            Plaintiff,                      )
v.                                          )
                                            )
ETHAN ALLEN, INC.,                          )
a foreign corporation,                      )
                                            )
            Defendant.                      )
_____    )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, ETHAN ALLEN, INC., a foreign corporation, through its counsel, Epstein Becker & Green, P.C., files this Answer and Affirmative Defenses to Plaintiff's Complaint, and in response to the numbered paragraphs of the Complaint, state:

1.      Defendant admits that this action is brought pursuant to the Family and Medical Leave Act (FMLA) but denies there is any factual or legal basis for this lawsuit and further denies that Plaintiff is entitled to any relief.

2.      Denied.

3.      Denied.

4.      Defendant admits that this Court has jurisdiction over Plaintiff's claim.

5.      Defendant denies that it committed any unlawful employment practices but admits that venue is proper in the Southern District of Florida.

6.      Admitted, except for the termination date of January 26, 2004, which Defendant denies.

7.      Admitted.

8.      Admitted.

9.      Denied.

10.     Denied.

11.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 and therefore denies these allegations.

12.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and therefore denies these allegations.

13.     Denied.

14.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 and therefore denies these allegations.

15.     Defendant admits that it granted Plaintiff FMLA leave but denies that it began on December 9, 2003.

16.     Denied.

17.     Denied.

18.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 and therefore denies these allegations.

19.     Denied.

20.     Denied.

21.     Denied.

-2-

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

In response to the ad damnum clause following paragraph 27, Defendant denies that Plaintiff is entitled to any of the relief requested.

28.    Defendant denies that there are any issues to be tried to a jury.

29.    Defendant denies all allegations contained in the Complaint except for those expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred by her failure to give appropriate notice to Defendant.

3.    Plaintiff's claims are barred by her inability to return to work and/or to perform the essential functions of her position after the expiration of any FMLA leave period.

4.    Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by her failure to exhaust her administrative remedies.

5.    Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by her failure to mitigate or reasonably attempt to mitigate damages.

-3-

6.      All actions taken with regard to Plaintiff were based on legitimate, non-discriminatory reasons, and were not related to her illness or her FMLA leave, or any other protected classification or activity.

7.      At all times relevant, Defendant acted in good faith with regard to Plaintiff and had reasonable grounds for believing that its actions were not in violation of the law.

8.      No act, breach or omission of Defendant either proximately caused or contributed to whatever damages, if any, Plaintiff may have sustained and, on account thereof, Plaintiff is not entitled to any recovery from Defendant.

9.      The proximate cause of Plaintiff's damages, if any, was the conduct of the Plaintiff and not Defendant.

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Complaint with prejudice, awarding Defendant its reasonable attorney's fees and costs in this action, and granting Defendant such other relief as the Court may deem just and proper.

10th Floor
Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 373-4088
(305) 373-4083 (Fax)

EPSTEIN BECKER & GREEN, P.C.

By _____
    Richard D. Tuschman
    Florida Bar No. 907480

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document has been furnished to Counsel for Plaintiff, Donald Appignani, Esq., Joel E. Greenberg, P.A., 4300 N. University Drive, Suite D-106, Lauderhill, Florida 33351 by facsimile and mail, this *14th* day of September, 2004.

Richard D. Tuschman

-5-